UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT A. HILTON,

     Appellant/Plaintiff,   1:15-CV-0667-GTS

v.

BANK OF NEW YORK MELLON, as Trustee
for the Certificate Holders of the CWALT, Inc.,
Alternative Loan Trust 2006-OC10, Mortgage
Pass-Through Certificates, Series 2006-OC10,
formerly known as The Bank of New York,

    Appellee/Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF SANDRA S. POLAND DEMARS<br> Counsel for Appellant/Plaintiff<br>13 Country Lane<br>East Greenbush, NY 12061 | SANDRA S. POLAND DEMARS, ESQ. |
| HINSHAW & CULBERTSON LLP<br> Counsel for Appellee/Defendant<br>800 Third Avenue, 13th Floor<br>New York, NY 10022 | KHARDEEN I. SHILLINGFORD, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

  Currently before the Court, in this adversary proceeding filed by Robert A. Hilton ("Appellant" or "Plaintiff") against Bank of New York Mellon ("Appellee" or "Defendant"), is Plaintiff's appeal from a Decision and Order of United States Bankruptcy Judge Robert E. Littlefield, Jr., granting Defendant's motion to dismiss Plaintiff's Adversary Complaint pursuant to Fed. R. Bankr. P. 7012. For the reasons set forth below, Plaintiff's appeal is denied, and Bankruptcy Judge Littlefield's decision is affirmed.

I.      RELEVANT BACKGROUND

    A.      **Plaintiff's Adversary Complaint**

Generally, in his Adversary Complaint, Plaintiff alleges as follows. (Dkt. No. 2, Attach. 1.) On or about August 3, 2006, Plaintiff executed a Note and Mortgage for $131,250 with Household Finance Realty Corporation of New York, regarding real property located at 11 New York Avenue in Rensselaer, New York. (*Id.*) That same date, Household Finance Realty Corporation of New York endorsed the Note to Decision One Mortgage Company, LLC. (*Id.*) At some point in time, Decision One Mortgage Company, LLC twice endorsed the Note to Countrywide Home Loans, Inc. (the second time in blank). (*Id.*) On October 3, 2011, Mortgage Electronic Registration Systems, Inc., as nominee for Household Finance Realty Corporation of New York, assigned the Mortgage to the Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2006-OC10, Mortgage Pass-Through Certificates, Series 2006-OC10 ("CWALT Trust"). (*Id.*) Upon information and belief, the CWALT Trust closed in 2006, approximately five years before the assignment of the Mortgage to the CWALT Trust. (*Id.*) Based on these factual allegations, Plaintiff claims that Defendant's mortgage lien against his real property cannot be enforced because Defendant is not the proper owner of the Note and/or Mortgage. (*Id.*)

    B.      **Proceedings in Bankruptcy Court**

On July 1, 2014, Plaintiff filed his Adversary Complaint to determine the nature, extent and validity of Defendant's mortgage lien against real property owned by Plaintiff. (Dkt. No. 1.)

On August 27, 2014, Defendant filed a motion to dismiss Plaintiff's Adversary Complaint pursuant to Fed. R. Bankr. P. 7012. (*Id.*) Generally, Defendant's motion asserted,

*inter alia*, two arguments: (1) Defendant has the right to enforce the Mortgage because (a) as an initial matter, Plaintiff's verified Chapter 13 bankruptcy petition clearly acknowledges the validity of the debt in question by listing, and not disputing, a debt identical to the loan owned to Defendant (including the amount owed and address of the collateral), and (b) in any event, the documents attached to Defendant's motion (specifically, the Note, the Mortgage, the Pooling and Servicing Agreement, and the Mortgage Loan Schedule) clearly establish that Defendant holds, and was assigned, the Note and Mortgage; and (2) Plaintiff's claim that the Mortgage is void is meritless, because (a) the validity of the assignment (which was merely "confirmatory" in nature) does not affect Defendant's right to enforce the Mortgage, and (b) in any event, Plaintiff lacks standing to claim that the transfer of the Note and Mortgage to Defendant was improper in that he fails to allege that he is either a party to or a third party beneficiary of the Pooling and Servicing Agreement, or that he suffered an actual injury. (Dkt. No. 2, Attach. 10.)

Attached to Defendant's motion were, *inter alia*, the following four documents: (1) a copy of the Note in the amount of $131,250, signed and dated August 3, 2006; (2) a copy of the Mortgage in the amount of $131,250, signed and dated August 3, 2006; (3) a copy the Pooling and Servicing Agreement ("PSA") for the Alternative Loan Trust 2006-OC10, Mortgage Pass-Through Certificates, Series 2006-OC10, dated November 1, 2006; and (4) a redacted excerpt a Mortgage Loan Schedule regarding a secured loan in the amount of $131,250, which was subject to a PSA that closed on November 1, 2006. (Dkt. No. 2, Attach. 6; Dkt. No. 2, Attach. 7; Dkt. No. 2, Attach. 8; Dkt. No. 2, Attach. 9, at 1, 4, 5.)

On September 17, 2014, Plaintiff filed his opposition to Defendant's motion. (Dkt. No. 3; Dkt. No. 3, Attach. 1.)

On October 7, 2014, Defendant filed its reply memorandum of law. (Dkt. No. 3, Attach. 2.)

On October 9, 2014, Bankruptcy Judge Littlefield heard oral argument on Defendant's motion. (Dkt. No. 3, Attach. 3.)

On August 27, 2014, Bankruptcy Judge Littlefield entered an Order granting Defendant's motion to dismiss. (Dkt. No. 3, Attach. 4.)

On December 3, 2014, Plaintiff filed a motion to reconsider Bankruptcy Judge Littlefield's Order of Dismissal. (Dkt. No. 3, Attach. 5.)

On December 31, 2014, Defendant filed its opposition to Plaintiff's motion to reconsider. (Dkt. No. 3, Attach. 6; Dkt. No. 3, Attach. 7.)

On January 8, 2015, Bankruptcy Judge Littlefield heard oral argument on Plaintiff's motion to reconsider. (Dkt. No. 3, Attach. 9.)

On May 15, 2015, Bankruptcy Judge Littlefield entered an Order denying Plaintiff's motion to reconsider. (Dkt. No. 3, Attach. 8.)

On May 27, 2015, Plaintiff filed a Notice of Appeal. (Dkt. No. 1.)

**C.     Parties' Arguments on Appeal**

    **1.     Plaintiff's Brief-in-Chief**

Generally, liberally construed, Plaintiff's appellate brief asserts three arguments. (Dkt. No. 5.) First, Plaintiff argues, Defendant's motion to dismiss should have been denied for the following reasons: (a) Defendant's motion was impermissibly based on Fed. R. Bankr. P. 7012, which does not contain an independent basis for granting a motion to dismiss, but relies on Fed. R. Civ. P. 12(b)(6); (b) pursuant to the standard governing motions based on Fed. R. Civ. P.

12(b)(6), while Bankruptcy Judge Littlefield could consider documents incorporated by reference in Plaintiff's Adversary Complaint, he could not consider the factual affidavit adduced by Defendant without converting the motion into one for summary judgment; and (c) excluding from consideration the factual affidavit, and considering only the factual allegations contained in Plaintiff's Adversary Complaint (which are to be accepted as true for purposes of Defendant's motion), Defendant is neither the holder of the Note nor the owner of the Mortgage, and thus cannot enforce the Mortgage. (*Id*.)

Second, in any event, the factual affidavit considered by Bankruptcy Judge Littlefield did not regard defense attorney's possession of the original Note in this proceeding (i.e., Adversary Proceeding 14-90028), but the original note in another proceeding (i.e., Adversary Proceeding 14-90021), and no record evidence exists establishing that Defendant has ever been in possession of the original Note in this proceeding. (*Id*.)

Third, Plaintiff argues, even if established, possession of the original Note does not necessarily equate to enforceability of the Mortgage for the following reasons: (a) Bankruptcy Judge Littlefield reasoned that (i) because the Mortgage Servicer possessed the Note, Defendant possessed the Note, (ii) because Defendant possessed the Note, Defendant possessed the Mortgage, and (iii) because Defendant possessed the Mortgage, Defendant could enforce the Mortgage; (b) however, under New York law, a party cannot prove standing to foreclose under a "pay to the order" Note that was indorsed in blank (such as the Note in question) by claiming mere *possession* of the Note (and especially not by claiming mere *constructive* possession of the Note), but must show that it is the *holder* of the Note, which requires showing that there has been (i) a negotiation of the Note by means of the lender's endorsement and (ii) physical delivery of the Note; and (c) here, Defendant's factual affidavit makes no such showing. (*Id*.)

## 2. Defendant's Response Brief

Generally, Defendant's response brief asserts four arguments. (Dkt. No. 8.) First, Defendant argues, Bankruptcy Judge Littlefield's dismissal of the Adversary Complaint was proper for the following reasons: (a) a court may consider a document outside the four corners of the complaint on a motion to dismiss for failure to state a claim if the document was incorporated by reference in the complaint and provided by the defendant as part of the motion to dismiss, and here both requirements were met with regard to the Note, Mortgage and PSA; and (b) when construed together with the aforementioned documents, the Adversary Complaint does not present factual allegations of Defendant's non-ownership of the Note and Mortgage that are sufficient to raise a right to relief above the speculative level. (*Id.*)

Second, Defendant argues, indeed, based on the Adversary Complaint and documents incorporated by reference in it, Defendant is clearly the holder and the owner of the Note and Mortgage for the following reasons: (a) as an initial matter, it is irrelevant when Defendant received physical possession of the Note and Mortgage because this is not a foreclosure action; (b) in any event, based on the Note, Mortgage and PSA, Defendant became the holder and the owner of the Note and Mortgage before the Trust closed in November of 2006; (c) indeed, Plaintiff's verified Chapter 13 bankruptcy petition acknowledges the validity of the debt owned by Defendant by listing, and not disputing, a debt identical to the loan owned to Defendant (including the amount owed and address of the collateral); (d) moreover, by failing to continue his argument regarding the confirmatory assignment of the Mortgage during his appeal, Plaintiff has abandoned that argument (and the claim on which it is based); and (e) Plaintiff's argument that the Note and Mortgage were "received . . . from the mortgage servicer, not from the Trustee

## 2. Defendant's Response Brief

Generally, Defendant's response brief asserts four arguments. (Dkt. No. 8.) First, Defendant argues, Bankruptcy Judge Littlefield's dismissal of the Adversary Complaint was proper for the following reasons: (a) a court may consider a document outside the four corners of the complaint on a motion to dismiss for failure to state a claim if the document was incorporated by reference in the complaint and provided by the defendant as part of the motion to dismiss, and here both requirements were met with regard to the Note, Mortgage and PSA; and (b) when construed together with the aforementioned documents, the Adversary Complaint does not present factual allegations of Defendant's non-ownership of the Note and Mortgage that are sufficient to raise a right to relief above the speculative level. (*Id.*)

Second, Defendant argues, indeed, based on the Adversary Complaint and documents incorporated by reference in it, Defendant is clearly the holder and the owner of the Note and Mortgage for the following reasons: (a) as an initial matter, it is irrelevant when Defendant received physical possession of the Note and Mortgage because this is not a foreclosure action; (b) in any event, based on the Note, Mortgage and PSA, Defendant became the holder and the owner of the Note and Mortgage before the Trust closed in November of 2006; (c) indeed, Plaintiff's verified Chapter 13 bankruptcy petition acknowledges the validity of the debt owned by Defendant by listing, and not disputing, a debt identical to the loan owned to Defendant (including the amount owed and address of the collateral); (d) moreover, by failing to continue his argument regarding the confirmatory assignment of the Mortgage during his appeal, Plaintiff has abandoned that argument (and the claim on which it is based); and (e) Plaintiff's argument that the Note and Mortgage were "received . . . from the mortgage servicer, not from the Trustee

or Document Custodian of the Trust" is nonsensical (because the servicer and entity serviced are one and the same for purposes of foreclosure) and in any event the argument is unsupported by the documents. (*Id.*)

Third, Defendant argues, Second Circuit precedent (specifically, *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79 [2d Cir. 2014]) bars Plaintiff from relying on an alleged violation of the PSA to support his claim, because he does not allege facts plausibly suggesting that (a) he is either a party to the PSA or a third-party beneficiary of the PSA (sufficient to acquire Article III standing to claim noncompliance with the PSA), (b) he satisfied the Note and Mortgage, or (c) some other entity is seeking payment from him on the same Note. (*Id.*)

Fourth, Defendant argues, Bankruptcy Judge Littlefield properly denied Plaintiff's motion for reconsideration for the following reasons: (a) in addition to neglecting to provide a required memorandum of law, the motion failed to identify any controlling case law that was misapprehended or any factual matters that were overlooked; (b) instead, the motion improperly repackaged and relitigate arguments and issues that were already considered and rejected by Bankruptcy Judge Littlefield; (c) in addition, through requesting a supplemental affidavit from Defendant, Plaintiff's motion for reconsideration improperly sought to cure its omission of that request from his underlying motion papers; (d) in any event, Defendant has provided uncontroverted evidence that it currently maintains physical possession of the original Note, endorsed in blank, and the Mortgage; and (e) finally, Plaintiff has nonsensically argued that defense counsel had to submit an affidavit attesting to counsel's possession of the original Note and Mortgage while also arguing that "Defendant's attorneys' current possession of the Note (even if established) would not be dispositive as a matter of law to establish ownership of the Note." (*Id.*)

### 3. Plaintiff's Reply Brief

Generally, Plaintiff's reply brief asserts four arguments. (Dkt. No. 12.) First, Plaintiff argues, Defendant's motion to dismiss should not have been granted based on the evidence properly before the Court for the following reasons: (a) Defendant's possession of the original Note cannot be gleaned from consideration of the documents referenced in Plaintiff's Adversary Complaint; and (b) in addition to relying on the those documents, Bankruptcy Judge Littlefield improperly relied on testimony regarding Defendant's alleged possession of the original Note. (*Id.*)

Second, Plaintiff argues, because Defendant declined to supplement the record on Plaintiff's motion to reconsider, there is no record evidence that Defendant has ever been in possession of the original Note. (*Id.*)

Third, Plaintiff argues, in any event, possession of the original Note does not necessarily equate to enforceability of the Mortgage, because the case law is clear that an entity attempting to enforce a mortgage must also show delivery of the original note, which has not occurred here. (*Id.*)

Fourth, Plaintiff argues, Defendant seeks to distract the Court with the irrelevant issue of whether Plaintiff may allege a violation of the PSA, an allegation Plaintiff has never sought to make because the allegation is not necessary (for Plaintiff to state a claim). (*Id.*)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Appeal from Bankruptcy Court Decision

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). Rule 8013 of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

> [o]n an appeal, the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

Fed. R. Bankr. P. 8013. Thus, the district court must uphold the factual findings of a bankruptcy court unless they are clearly erroneous. *Hudson v. Harris*, 09-CV-1417, 2011 WL 867024, at *9 (N.D.N.Y. Mar. 10, 2011) (Scullin, J.). A district court may find a bankruptcy court's determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 [1948]). "[P]articularly strong deference [must be given to] a [bankruptcy] court's findings of fact based on credibility assessments of witnesses it has heard testify." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 59 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (quoting *In re Boyer*, 328 F. App'x 711, 716 [2d Cir. 2009]). Although the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. *H & C Dev. Group, Inc. v. Miner (In re Miner)*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (citation omitted).

The bankruptcy court's legal conclusions, however, are subject to de novo review. *See Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003). The court reviews mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n.11 [2d Cir. 2009]).

### B. Legal Standard Governing Motion to Dismiss for Failure to State a Claim

Rule 7012 of the Federal Rules of Bankruptcy Procedure permits, *inter alia*, the service of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) in response to an Adversary Complaint. *See* Fed. R. Bankr. P. 7012(b) ("Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings.").

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of

what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the

11

"[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal

pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") (internal quotation marks and citations omitted); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks omitted).

### C. Legal Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Rule 7012 of the Federal Rules of Bankruptcy Procedure permits, *inter alia*, the service of a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) in response to an Adversary Complaint. *See* Fed. R. Bankr. P. 7012(b) ("Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings.").

Although sometimes raised on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), challenges to a litigant's standing are more-often properly raised on a motion for lack of subject-matter jurisdiction. *Compare Rent Stabilization Ass'n of City of N.Y. v. Dinkins*, 5 F.3d 591, 594 (2d Cir. 1993) (stating that "dismissals for lack of standing may be made pursuant to Fed. R. Civ. P. 12(b)(6), rather than [as a defect in federal jurisdiction pursuant to] Fed. R. Civ. P 12(b)(1)") *with Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88-89 & n.6 (2d Cir. 2006) ("Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), . . . the proper procedural route is a motion under Rule 12(b)(1).").

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a

court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

    **D.**    **Legal Standards Governing Plaintiff's Claim and Defendant's Defenses**

Because the parties have demonstrated (in their briefs) an accurate understanding of the legal standards governing Plaintiff's claim and Defendant's defenses, the Court will not recite those legal standards in this Decision and Order, which is intended primarily for the review of the parties.

**III.**    **ANALYSIS**

After carefully considering Plaintiff's arguments on appeal, the Court rejects those arguments for each of the reasons offered by Defendant in its response brief and the reasons offered by Bankruptcy Judge Littlefield during the parties' oral argument on Defendant's motion. (Dkt. No. 8; Dkt. No. 3, Attach. 3, at 16-61.) To those reasons, the Court adds five points.

First, while Defendant's motion before Bankruptcy Judge Littlefield did not expressly state whether the motion was exclusively one to dismiss Plaintiff's Adversary Complaint for failure to state a claim upon which relief can be granted (i.e., one pursuant to Fed. R. Civ. P. 12[b][6]) or also one to dismiss Plaintiff's Adversary Complaint for lack of subject-matter jurisdiction (i.e., one pursuant to Fed. R. Civ. P. 12[b][1]), the Court finds that the motion was the latter, based on the relief requested in it. As explained above in Part II.C. of this Decision and Order, while a challenge to a litigant's standing may sometimes be raised on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), such challenges are more-often properly raised on a motion for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

15

Second, regardless of whether Defendant's motion was brought pursuant to only Fed. R. Civ. P. 12(b)(6) or also Fed. R. Civ. P. 12(b)(1), the Court may consider the Note, the Mortgage, the PSA and the Mortgage Loan Schedule attached to Defendant's motion to dismiss. This is because, as explained above in Part II.C. of this Decision and Order, a motion to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be based on documents outside the four corners of the complaint. Moreover, as explained above in Part II.B. of this Decision and Order, a motion to dismiss a complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) may be based on documents incorporated by reference in, or integral to, the complaint. Here, the Note, the Mortgage, the PSA and the Mortgage Loan Schedule were incorporated by reference in, or at the very least integral to, Plaintiff's Adversary Complaint. (Dkt. No. 2, Attach. 1.) The Court notes that Plaintiff does not sufficiently dispute the authenticity or accuracy of these three documents. (*See generally* Dkt. No. 3; Dkt. No. 3, Attach. 1; Dkt. No. 3, Attach. 3; Dkt. No. 3, Attach. 5; Dkt. No. 3, Attach. 9; Dkt. No. 5; Dkt. No. 12.) While consideration of the Mortgage Loan Schedule presents a closer question (in that the Mortgage Loan Schedule was not expressly referenced in the Adversary Complaint), the Court finds the Mortgage Loan Schedule to be integral to the Adversary Complaint, because the Adversary Complaint's theory of liability turns on the *date* on which Defendant had been assigned the Note and Mortgage under the PSA (which date is referenced in the schedule). (Dkt. No. 2, Attach. 9, at 1, 4, 5.)

Third, taken together, these four documents plausibly suggest that Defendant came to hold, and be assigned, the Note and Mortgage before the Trust closed in November of 2006 (i.e., long before the formal assignment in 2011, which appears to be confirmatory in nature). In short, Plaintiff has pled himself out of Court on his claim that Defendant is not the proper owner of the Note and Mortgage.

Fourth, regardless of the foregoing reasons, Plaintiff's claim fails because his theory of non-ownership hinges on an alleged break in the chain of title regarding the Mortgage (which purportedly rendered the Mortgage unenforceable). (Dkt. No. 2, Attach. 1, at ¶¶ 13-15 [Plf.'s Adv. Compl.].) However, Plaintiff does not have standing to rely on that alleged break due to a lack of factual allegations plausibly suggesting that he suffered an injury resulting from it. Rather, such standing is conferred on one or more third-parties, which have not complained of the alleged break in the chain of title.

Fifth and finally, between the first date on which he learned of Defendant's lack-of-standing argument (on August 27, 2014) and the date on which Bankruptcy Judge Littlefield issued his Order denying Plaintiff's motion for reconsideration (on May 15, 2015), Plaintiff failed to amend his Adversary Complaint to assert factual allegations plausibly suggesting that he suffered such injury, leading the Court to find that *sua sponte* granting him leave to do so now would be futile. His counsel certainly did not deny the fact, during oral argument, that he had never been asked to pay the Mortgage by a third-party. (Dkt. No. 3, Attach. 3, at 29-32.) Indeed, it is the position of Plaintiff's counsel that "I don't need injury . . . ." (*Id*. at 31.) This position is not in accordance with the Court's reading of *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79 (2d Cir. 2014), and its progeny. *See, e.g., In re Lake Charles Retail Dev. LLC*, No. 13-44093, 2014 WL 4948234, at *8-9 (Bankr. E.D.N.Y., 2014) (dismissing an adversary complaint because the plaintiff did not have standing to predicate its claims for relief on the defendant's alleged failure to comply with a PSA by transferring a loan package into a trust after the closing date of the trust).

For all of these reasons, Bankruptcy Judge Littlefield's decision is affirmed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's appeal is **DENIED**, and Bankruptcy Judge Littlefield's decision is **AFFIRMED**.

Dated: January 19, 2016
      Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge